UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHADWICK LYNN MILLER, | ) | CASE NO. 5:19cv1868 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| | ) | |
| STATE OF OHIO, *et al*, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Chadwick Lynn Miller ("Miller") filed this action under 42 U.S.C. § 1983 against the State of Ohio, the Stark County Common Pleas Court, the Stark County Sheriff's Department, and the Stark County Clerk of Courts. In the complaint, Miller alleges he was charged and convicted of improperly handling a firearm in a motor vehicle. (Doc. No. 1 (Complaint ["Compl."]) at 6-7.[1]) He states terrorists installed thought reading transmission technology on him against his will. (*Id*. at 6.) He claims defendants violated his constitutional rights, and he seeks monetary damages in the amount of $25,000,000,000. (*Id*. at 6, 11.)

I. BACKGROUND

On July 17, 2017, the Stark County Grand Jury indicted Miller on one count of carrying a concealed weapon, in violation of Ohio Rev. Code § 2923.12, and one count of improperly handling firearms in a motor vehicle, in violation of Ohio Rev. Code § 2923.16. He pled guilty to improperly handling a firearm in a motor vehicle on November 20, 2017, and the charge of

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

carrying a concealed weapon was dismissed. On January 5, 2018, the trial court sentenced Miller to three years of community control. He did not appeal his conviction or sentence. Instead, Miller filed a petition for postconviction relief, claiming ineffective assistance of counsel and challenging his plea as not knowingly, voluntarily, and intelligently made. The trial court denied the petition. The state appellate court upheld that decision. *State v. Miller*, No. 2019CA00046, 2019 WL 5268633, at *1-3 (Ohio Ct. App. Oct. 15, 2019).

Miller claims that terrorists installed thought reading technology in his brain. He states he communicates daily with the Federal Bureau of Investigation ("FBI"). He alleges that the trial judge, the prosecutor, and his attorney knew about the situation and "attempt[ed] to retaliate [against him] for reporting violations to the FBI for trafficking purposes." (Compl. at 6.) He was ordered to undergo a psychiatric evaluation to determine his competency to stand trial. He contends this was an attempt to humiliate him and to "change [his] truthful thought process on the matter as mentally breaking [him] down in an attempt to brainwash, traffic and punish [him] for not having the thought process desired by those breaking the law." (*Id*. at 8.) According to Miller, the FBI has all the evidence needed to prove his innocence, but his attorney refused to defend him in that way. He contends his constitutional rights were violated and the defendants are "very dangerous and out of control." (*Id*.) He states he has continued to report abuses to the FBI.

**II.  STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L.

Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 195, 167 L. Ed. 2d 929 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant unlawfully harmed me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of a plaintiff's allegations when they may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). The case at bar undoubtedly presents just such a complaint.

### III. DISCUSSION

As an initial matter, the State of Ohio has sovereign immunity from suits for damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon the State. *Latham v.*

*Office of Attorney Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

The Stark County Common Pleas Court and the Stark County Sheriff's Department are not *sui juris*, meaning that under Ohio law, they are not legal entities capable of suing or being sued. *Tysinger v. Police Dep't of City of Zanesville*, 462 F.3d 569, 572 (6th Cir. 2006); *Papp v. Snyder*, 81 F. Supp. 2d 852, 857 n.4 (N.D. Ohio 2000). They are merely subunits of a municipality, in this case Stark County. To the extent that Miller intended to sue the entire Stark County Clerk of Courts Office rather than the Court Clerk himself, it too is not *sui juris*. As a consequence, Miller's claims against these defendants fail as a matter of law.

To the extent the claims against them can be liberally construed as asserted against Stark County, *see Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002), they also fail to state a claim. Miller cannot sue a local government entity under § 1983 on the theory of *respondeat superior* liability. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id*. A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. The Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal violations.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)). To state a claim for relief against a municipality under § 1983, a plaintiff must: (1) identify the municipal policy or

custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Miller does not identify a particular policy or custom of Stark County, nor does he allege he suffered an injury that was caused by that policy.

Miller also fails to state a claim against the Clerk of Court as an individual. Miller cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 66 F.3d 326 (Table), 1995 WL 559381, at *1 (6th Cir. Sept. 20, 1995). Miller does not allege any facts pertaining to the Clerk of Court. He cannot hold the Clerk liable in his individual capacity.

The majority of Miller's allegations are focused on his conviction. Although Miller pled guilty to the charge of improper handling of a firearm in a motor vehicle, and admits he was carrying a gun, he contends his prosecution violated his constitutional rights. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, however, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). A claim for damages calling into question the validity of conviction or sentence that has not been invalidated is not cognizable under § 1983. Therefore, when a state prisoner seeks damages in a § 1983 suit, the Court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. If, however, the Court determines that the

plaintiff's claims, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. In this case, Miller appears to contend he is either innocent of the charge, or at least justified in breaking the law by a greater threat to his safety. This claim, if it were successful, would call his conviction into question. He must, therefore, demonstrate that his conviction was reversed on appeal or set aside by a federal court habeas action. He has not done so. Miller cannot proceed with any claims pertaining to his conviction.

## IV. CONCLUSION

For all the foregoing reasons, Miller's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**